# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| TINA MARIE BOWERS,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>    Respondent. | No. C07-0042-LRR<br><br>INITIAL REVIEW ORDER |

## I.  INTRODUCTION

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa.  Such transfer occurred on May 7, 2007.  The Clerk of Court filed the case in this district on May 10, 2007.  Prior to the case being transferred or on April 25, 2007, the petitioner submitted an application for a writ of habeas corpus, an application to proceed in forma paupier, an application for appointment of counsel and the statutory filing fee.

## II.  BACKGROUND

In the Iowa District Court in and for Cedar County, a jury convicted the petitioner of four counts of second-degree sexual abuse, in violation of Iowa Code sections 709.1 and

---

[1] The court notes that the petitioner brings this action against the "State of Iowa." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").  Thus, the petitioner improperly named the "State of Iowa" as the respondent.

709.3.  *See State v. Bowers*, No. FECR016582 (Cedar County Dist. Ct. 200_).[2]  The Iowa District Court in and for Cedar County sentenced the petitioner to terms of imprisonment of 25 years and ordered count three and count four to be served consecutive to count one and count two.  The petitioner appealed, and the Iowa Supreme Court affirmed the judgment of the Iowa District Court in and for Cedar County.  *See State v. Bowers*, 656 N.W.2d 349 (Iowa 2002).  On February 12, 2003, procedendo issued.[3]

On April 9, 2003, the petitioner filed an application for post-conviction relief. *Bowers v. State*, No. PCCV033049 (Cedar County Dist. Ct. 2004).  On March 10, 2004, the Iowa District Court in and for Cedar County denied the petitioner's application for post-conviction relief.  On April 2, 2004, the petitioner appealed, and, on May 23, 2005, the Iowa Supreme Court dismissed the petitioner's appeal.  On June 3, 2005, procedendo issued.[4]

On April 25, 2007, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In such application, the petitioner argues: 1) she was unlawfully induced into making a statement; 2) her conviction was obtained by using a coerced confession; 3) her arrest was unlawful and evidence should not have been admitted; 4) her conviction was obtained in violation of the privilege against self-

---

[2] Iowa state court criminal and civil records may be accessed at the following address:  http://www.judicial.state.ia.us/Online_Court_services/.  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] Under Iowa law, appeals in criminal cases must be taken within thirty days of the final judgment.  *See* Iowa R. App. P. 6.101; *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990); *State v. Raim*, 381 N.W.2d 635, 636 n.1 (Iowa 1986).  In the event an appeal is timely filed, the date procedendo issues determines when a conviction is final under Iowa law.  *See* Iowa Code section 822.3.

[4] Under Iowa law, an appeal becomes final on the date procedendo is issued.  Iowa Code section 822.3; *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996); *Smith v. State*, 542 N.W.2d 853, 853-54 (Iowa 1995).

2

incrimination; and 5) the prosecutor denied her a plea agreement because her co-defendant entered into a plea agreement.[5] The court now turns to consider the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III. DISCUSSION

### A. Initial Review Standard

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

### B. 28 U.S.C. § 2244(d)

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applications for habeas corpus relief are subject to a one-year statute of limitations as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[6] Where the petitioner's judgment became final before the effective date

---

[5] To the extent the petitioner raises arguments in her 28 U.S.C. § 2254 application that were not presented to the Iowa Supreme Court, they are barred by 28 U.S.C. § 2254(b)(1)(A), which requires exhaustion of all federal claims in the appropriate state forum.

[6] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> (continued…)

3

of the AEDPA or April 24, 1996, the Eighth Circuit Court of Appeals has adopted a one-year "grace" period, which ended on April 24, 1997, for the filing of habeas corpus applications. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir.1999); *Ford*, 178 F.3d at 523; *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir.1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir.1999) (en banc). Moreover,

> In [*Nichols*, 172 F.3d at 1073, the Eighth Circuit Court of Appeals] held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled.

*Peterson*, 200 F.3d at 1204.

Here, the Iowa District Court in and for Cedar County entered judgment against the petitioner. State law required the petitioner to take and perfect an appeal within thirty days. *See* Iowa R. App. P. 6.101 (appeals in criminal actions must be taken and perfected within 30 days of final judgment). Because the petitioner took and perfected an appeal,

---

(...continued)

> a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

the conviction became final on May 13, 2003, the date of the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A) (the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). The date the petitioner's conviction became "final" or May 13, 2003 is after the effective date of the AEDPA or April 24, 1996. Thus, the petitioner's 28 U.S.C. § 2254 application is only timely if the limitations period was tolled for all but a period of less than one year between May 13, 2003, the date her conviction became final, and April 25, 2007, the date she filed the instant action. *See Peterson*, 200 F.3d at 1204; *Nichols*, 172 F.3d at 1077.[7]

Post-conviction relief actions filed before or during the limitations period for habeas corpus actions are "pending" and the limitations period is "tolled", within the meaning of 28 U.S.C. § 2244(d)(2), during the time "a properly filed" post-conviction relief action is before the district court, the time for filing of a notice of appeal and the time the petitioner has to perfect the appeal in such a "properly filed" action if the petitioner actually files a notice of appeal, and the time for the appeal itself. *See Peterson*, 200 F.3d at 1204-05 (discussing application of 28 U.S.C. § 2244(d)(2)); *Mills*, 187 F.3d at 882-84 (same); *see also Snow*, 238 F.3d at 1035-36 (concluding 28 U.S.C. § 2244(d)(2) does not toll the limitations period for the 90 days during which a petitioner could seek certiorari

---

[7] In the case where a petitioner files an appeal, the date procedendo issues is relevant to determining the date when the conviction becomes final. *Compare Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitations for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: 1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or 2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)) *with Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (concluding that, "[i]f [a] defendant stops the appeal process before [the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires").

Case 1:07-cv-00042-LRR   Document 5   Filed 06/11/07   Page 5 of 7

from a state court's denial of post-conviction relief). Nevertheless, 28 U.S.C. § 2244(d)(2) does not assist the petitioner. Although she filed her application for post-conviction relief on April 9, 2003 and procedendo issued June 3, 2005, the petitioner does not account for the period from June 3, 2005 to April 25, 2007.

Because the one-year time limit contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore*, 173 F.3d at 1134 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir.1999) (equitable tolling reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)). In the instant case, the petitioner presents no circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

In sum, the petitioner did not file her application within the one-year period of limitation. Indeed, the petitioner does not account for nearly two years. Because it is clear that 28 U.S.C. § 2244(d) bars the petitioner's action, the application for a writ of

6

habeas corpus shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

## IV. OTHER APPLICATIONS

Having determined that the application for a writ of habeas corpus should be dismissed, the court shall deny as moot the application for appointment of counsel. Additionally, because the petitioner already paid the required filing fee, the court shall deny as moot the application to proceed in forma pauperis.

**IT IS THEREFORE ORDERED**:

1) The petitioner's 28 U.S.C. § 2254 application is dismissed.

2) The petitioner's application to proceed in forma pauperis is denied as moot.

3) The petitioner's application for appointment of counsel is denied as moot.

**DATED** this 11th day of June, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

7